# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **TODD LUND STONE,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| v. | |
| **THIRD DISTRICT COURT, UTAH COURT OF APPEALS, THE HONORABLE TYRONE E. MEDLEY, THE HONORABLE SANDRA N. PEULER, and COMMISSIONER T. PATRICK CASEY,** | Case No. 2:12cv390 |
| | **District Judge Clark Waddoups** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Todd Lund Stone's ("Plaintiff") "Motion for Certification of Questions of Law by United States Courts."[2] The court previously granted Plaintiff's application to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.[3]

As an initial matter, because Plaintiff is proceeding pro se, the court will liberally construe his pleadings and hold them to a "less stringent standard than formal pleadings drafted

---

[1] *See* docket no. 6.

[2] *See* docket no. 8.

[3] *See* docket no. 2.

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). Thus, the court will make allowances for Plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotations and citation omitted). That said, Plaintiff's pro se status does not discharge him from having to comply with the Federal Rules of Civil Procedure, nor will the court assume an advocacy role on Plaintiff's behalf. *See Pedersen v. Mountain View Hosp.*, No. 1:11-CV-16-CW, 2011 WL 7277319, at *1 (D. Utah Aug. 31, 2011).

## I. BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 and § 1985, claiming the Utah Third District Court and Utah Court of Appeals (collectively, "State Court Defendants"), as well as Judge Tyrone E. Medley ("Judge Medley"), Judge Sandra N. Peuler ("Judge Peuler"), Commissioner T. Patrick Casey ("Commissioner Casey"), and unidentified court employees (collectively, "Judicial Defendants") denied him due process in his divorce and child custody case. Specifically, Plaintiff asserts that the State Court and Judicial Defendants (1) "[d]enied [him a] timely chance to have [his] issues against [his] ex-wife heard"; (2) "acted without proper orders [and] took children [a]way"; (3) "[d]elayed filings to [b]lock [his] timely filed appeal"; (4) "failed to protect [his] children when they were told of the child[] abuse"; (5) "refused hearing issues pertaining to ex-wife['s] violation of court orders"; (6) "refus[ed] to enforce orders"; and (7) failed "to allow [his] issues to be timely and properly resolved."[4]

---

[4] Docket no. 3 at 3-4.

Plaintiff seeks "corrective" and "unbiased" hearings regarding the decisions rendered in the state court regarding his divorce and child custody case, compensation for lost time with his children, the return of his children to Utah, and reinstatement of all dismissed appeals.[5] Plaintiff also moves the court for "Certification of Questions of Law by United States Courts" in which he requests that this court certify seven questions to the Utah Supreme Court regarding a lien placed against the marital residence by the condo association.[6]

## II. DISCUSSION

As noted above, Plaintiff is proceeding under the IFP statute, which requires courts to "dismiss the case at any time if the court determines [the action] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, it is well settled that the lack of subject matter jurisdiction may be raised sua sponte by the court at any point in the proceedings. *See McAlester v. United Air Lines*, 851 F.2d 1249, 1252 (l0th Cir. 1988). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). With the foregoing in mind, the court will now address the sufficiency of Plaintiff's complaint.

### A. Rooker-Feldman Doctrine

Under the *Rooker-Feldman*[7] doctrine, a court lacks jurisdiction to hear an appeal from a judgment issued by a state court, much less to modify or reverse a state court judgment. *See*

---

[5] Docket no. 3 at 6.

[6] Docket no. 8 at 1.

[7] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

*Exxon Mobil Corp.*, 544 U.S. at 284; *Anderson v. State of Colo.*, 793 F.2d 262, 263-64 (10th Cir. 1986). This legal principle applies even if the plaintiff brings a constitutional claim under 42 U.S.C. § 1983. *See Anderson*, 793 F. 2d at 263. Plaintiff complains that the state court granted his wife custody of his children and awarded court fees against him, and he seeks an order from this court essentially reversing those decisions. However, the *Rooker-Feldman* doctrine bars the court from acting on issues and actions inextricably intertwined with a custody decision of the State of Utah. *See P.J. ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010); *Bergman v. LaCouture*, 218 Fed. Appx. 749 (10th Cir. 2007). Because "success on [Plaintiff's] claims would require the district court to review and reject those [state-court] judgments," *Jensen*, 603 F.3d at 1193, this court does not have subject matter jurisdiction to consider the merits of Plaintiff's case. *See Exxon Mobil Corp.*, 544 U.S. at 284 ("The *Rooker-Feldman* doctrine [prohibits] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Thus, this court recommends dismissal of Plaintiff's complaint for lack of subject matter jurisdiction.

### B. State Court Defendants

In addition, the State Court Defendants are immune from suit in federal court under the Eleventh Amendment. The Eleventh Amendment prohibits suits against the State of Utah, and subsequently its courts, unless Congress has specifically abrogated the state's sovereign immunity or the state consents to suit. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Congress has not abrogated sovereign immunity through sections 1983 and 1985, *see Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998), and nothing in the record

4

shows that Utah has waived its Eleventh Amendment immunity.  *See Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) ("Generally, we will find a waiver either if the State voluntarily invokes our jurisdiction, or else if the State makes a clear declaration that it intends to submit itself to our jurisdiction.").

Because the "defense of sovereign immunity is jurisdictional in nature," *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2005), this court does not have subject matter jurisdiction over the State Court Defendants in this action.  Accordingly, this court recommends that Plaintiff's complaint as to the State Court Defendants be dismissed with prejudice.

### C.  Judicial Defendants

Plaintiff's claims against the Judicial Defendants also fail under the doctrine of judicial immunity.  Plaintiff argues that Judge Medley, Judge Peuler, and Commissioner Casey "refused to allow . . . enforcement of [Plaintiff's] rights"[8] and that court employees denied him access to the courts by failing to timely file certain documents.  However, judges are granted absolute immunity from liability when acting in their judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam).  This immunity allows judges the "liberty to exercise their functions with independence and without fear of consequences."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (quotations and citation omitted).  Absolute judicial immunity may also be extended to non-judicial figures, including court clerks, where their actions are "judicial acts . . . having an integral relationship with the judicial process."  *Wymore v. Green*, 245 Fed. Appx. 780, 783 (10th Cir. 2007) (quotations and citation omitted); *see Coleman v. Farnsworth*, 90 Fed. Appx. 313, 317 (10th Cir. 2004) (noting that judicial immunity applies to court employees because "[t]o

---

[8] Docket no. 3 at 2.

5

hold otherwise would have a chilling effect on the judicial duties and actions of the clerk, who would be readily subject to suit in the course of performing his or her duties").

Judicial immunity may be overcome in only two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted). Each of Plaintiff's allegations against the Judicial Defendants relates to conduct that occurred during the course of an ongoing divorce proceeding. Further, all of the alleged conduct was judicial in nature or had an integral relationship to the judicial process (e.g., issuing an order, denying a motion, scheduling hearings, filing documents), and the state court was properly exercising jurisdiction over a divorce proceeding. *See, e.g.*, *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). Dismissal for failure to state a claim is proper when a defendant has judicial immunity. *See Moss v. Kopp*, 559 F.3d 1155, 1170 (10th Cir. 2009) (affirming the rule 12(b)(6) dismissal of a section 1983 complaint after concluding that the defendants were entitled to quasi-judicial immunity). Accordingly, the claims against the Judicial Defendants should be dismissed with prejudice, as they are each entitled to absolute judicial or quasi-judicial immunity for their alleged conduct.

### D. Motion for Certification

Notwithstanding this court's lack of subject matter jurisdiction, Plaintiff's motion for certification should also be dismissed for lack of standing. Based on this court's cursory research of the Utah State Court docket, it appears that prior to entry of the decree of divorce on January 9, 2006, Plaintiff conveyed his interest in the marital property to his mother. The state

court judge ruled that Plaintiff does not have standing to approach the court for orders pertaining to that property.[9] As such, the lien referenced in Plaintiff's motion for certification encumbers property in which Plaintiff does not possess an interest.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's "Motion for Certification of Questions of Law by United States Courts"[10] be **DENIED** and this case be **DISMISSED** with prejudice for lack of subject matter jurisdiction.

Copies of this Report and Recommendation will be sent to Plaintiff, who is hereby notified of his right to object. *See* 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED**.

DATED this 12th day of September, 2013.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[9] *See Stone v. Stone*, Case No. 014903655, Recommendation and Order (Second Dist. Ct., Salt Lake Cnty., Utah May 16, 2012).

[10] *See* docket no. 8.